**Elsie M.J. SMITH, Plaintiff–Appellant,**

v.

**STATE UNIVERSITY OF NEW YORK AT BUFFALO, Department of Counseling and Human Services, Faculty of Educational Studies, New York State Department of Civil Service, New York State Department of Audit and Control, Defendants–Appellees.**

No. 00–7246.

United States Court of Appeals, Second Circuit.

July 6, 2001.

Elsie M.J. Smith, Buffalo, NY, pro se.

Frank K. Walsh, Assistant Solicitor General; Eliot Spitzer, Attorney General of the State of New York, Daniel Smirlock, Deputy Solicitor General, Nancy A Spiegel, Assistant Solicitor General, of counsel, Albany, NY, for appellees.

Present WALKER, Chief Judge, CALABRESI and POOLER, Circuit Judge.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-appellant Elsie M.J. Smith appeals from: (1) a 1992 district court order dismissing all of her claims save her disparate salary claim; (2) a 1996 order denying, *inter alia*, her motion to amend her complaint to add two new claims; and (3) a final judgment, following a September 1998 bench trial, dismissing Smith's disparate salary action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*

On appeal, Ms. Smith argues that (1) the district court, contrary to its May 1996 decision, had subject matter jurisdiction over her disparate salary, failure to promote, racial harassment, retaliation, and constructive discharge claims; (2) in her original EEOC complaint, she alleged the requisite facts to support a retaliation claim although she did not use the term "retaliation"; (3) the district court's decision in favor of SUNY Buffalo following the trial was erroneous because (a) Smith presented sufficient evidence to support her claims, (b) the court failed to apply the standards enunciated in *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978), *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Montana v. First Fed. Sav. and Loan Association*, 869 F.2d 100 (2d Cir.1989), and (c) the court used an inadequate statistical study as the basis of its findings; (4) the district court committed reversible error by allowing defendant's expert to testify and by admitting the expert's report into evidence; (5) the district court's January 2000 order misreported the facts; (6) the district court improperly

dismissed Smith's failure-to-promote claim on the ground that it was untimely; (7) the district court erroneously denied Smith's motion to amend her complaint to include constructive discharge and retaliation claims; (8) the district court erroneously dismissed Smith's hostile work environment and racial harassment claims; and (9) contrary to the district court's findings, Smith met the standard for a continuing violation of salary discrimination.

This Court's review of a district court's dismissal of a complaint pursuant to Fed. R.Civ.P. 12(b)(6) is *de novo*. *See Ikelionwu v. United States*, 150 F.3d 233, 236 (2d Cir.1998). Construing any well-pleaded factual allegations in the complaint in favor of the plaintiff, we will affirm the dismissal "only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Gagliardi v. Village of Pawling*, 18 F.3d 188, 191 (2d Cir.1994) (quoting *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991) (internal quotation marks omitted)).

In this case, the district court properly dismissed all of Ms. Smith's claims save her disparate salary claim on the grounds that: (1) Smith's 42 U.S.C. §§ 1981, 1983, and 1985 claims were time barred; (2) Smith failed to state a claim under the Thirteenth Amendment; (3) Smith's Fourteenth Amendment claim was properly brought pursuant to §§ 1981, 1983, and 1985, but was time barred; and (4) Smith's failure-to-promote claim was time-barred as filed more than ninety days from receiving her right-to-sue letter with respect to that claim.

This Court reviews the district court's decision on a motion to amend for abuse of discretion. *See Commander Oil Corp. v. Barlo Equip. Corp.*, 215 F.3d 321, 333 (2d Cir.), *cert. denied,* 531 U.S. 979, 121 S.Ct. 427, 148 L.Ed.2d 436 (2000); *see also U.S. ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank and Trust Co.*, 889 F.2d 1248, 1254 (2d Cir.1989) ("[T]he denial of leave to amend a pleading may be overturned only if the denial constitutes an abuse of the district court's discretion. On the other hand, ... that discretion must be exercised in terms of a justifying reason or reasons consonant with the liberalizing 'spirit of the Federal Rules.'") (internal citations omitted).

■ Here, the district court did not abuse its discretion when it denied Ms. Smith's motion to amend her complaint on the grounds that: (1) it did not have jurisdiction over Smith's constructive discharge claim, which was not sufficiently related to Smith's harassment claim; (2) Smith could have filed an amended complaint containing her retaliation claim years prior since the factual predicate of the claim was available to Smith as of the filing of her EEOC complaint; and (3) the amendment would unduly prejudice SUNY Buffalo.

■ This Court reviews a district court's legal conclusions following a bench trial *de novo* and its findings of fact for clear error. *See United States v. Coppola*, 85 F.3d 1015, 1019 (2d Cir.1996). The clearly erroneous standard applies whether the district court's factual findings were based on oral or documentary evidence, and "there is a strong presumption in favor of a trial court's findings of fact if supported by substantial evidence." *See Travellers Int'l, A.G. v. Trans World Airlines Inc.*, 41 F.3d 1570, 1574 (2d Cir.1994) (internal quotation marks omitted). This Court will not upset a district court's factual findings unless we are "left with the definite and firm conviction that a mistake

has been committed." *Id.* (internal quotation marks omitted). Additionally, this Court must give considerable deference to the district court's credibility assessments and to its determinations as to what inferences should be drawn from the evidence in the record. *See Ezekwo v. N.Y.C. Health & Hosps. Corp.*, 940 F.2d 775, 780 (2d Cir.1991).

The district court's conclusion that Smith failed to establish, by a preponderance of the evidence, that she received a disparately low salary as a result of race- or gender-based discrimination was not clearly erroneous. In addition, we find that the district court's decision to admit and consider the report and testimony of the defendant's statistical expert was not manifestly erroneous. *See Malarkey v. Texaco Inc.*, 983 F.2d 1204, 1210 (2d Cir. 1993) (holding that evidentiary rulings made by a trial judge are ordinarily overturned only when found to be "manifestly erroneous").

Although we have found no error in the district court's various decisions, this panel would like to commend Ms. Smith, a pro se litigant, for her very articulate and skilled oral argument.

Accordingly, for the reasons discussed above, the judgment of the district court is hereby AFFIRMED.